# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| WILLIAM VOYLES | CASE NO. 6:18-CV-01410 |
| VERSUS | JUDGE SUMMERHAYS |
| SUPERIOR STAFFING LLC ET AL | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the Court is the Motion to Set Aside Default filed by Defendants, Superior Staffing, LLC, Superior Disaster Relief, LLC, and Scott Butaud (Rec. Doc. 24). Plaintiffs opposed. (Rec. Doc. 28). The Court conducted an evidentiary on November 14, 2019. Plaintiffs filed a Post-Hearing Brief, (Rec. Doc. 41), to which Defendants responded (Rec. Doc. 42). For the following reasons, the Motion is GRANTED, and the default entered against Defendants is hereby set aside.

### I.  Facts and Procedural History

Plaintiffs filed this lawsuit on October 30, 2018 against their employer for alleged Fair Labor Standard Act violations. (Rec. Doc. 1). Plaintiffs served Defendants on December 1, 2018. (Rec. Doc. 4, 5, 6). Plaintiffs' counsel was in contact with Mr. Butaud (CEO of Superior Staffing and Superior Disaster, referred to collectively as "Superior") via email between December 2018 and June 2019 regarding production of Plaintiff's payroll records and employee files. (Rec. Doc. 28-1). Plaintiffs' counsel's email correspondence to Mr. Butaud includes a request

1

to answer the pending lawsuit on March 12, and June 21, 2019. (Rec. Doc. 28-1, p. 4). Plaintiff's counsel's emails to Mr. Butaud do not specifically indicate that a default will be entered against Defendants. (Rec. Doc. 28-1, p. 4). Mr. Butaud is not a lawyer. (Rec. Doc. 40, p. 15).

When Defendants did not timely file an answer, Plaintiffs moved for default on August 17, 2019, and the Clerk entered same on August 19, 2019. (Rec. Doc. 20 and 21). Although the Clerk sent notice of the entry of default to Defendants, the mail was twice returned as undelivered. (Rec. Doc. 22 and 23). Mr. Butaud testified at the November 14, 2019 evidentiary hearing that he did not receive notice of the entry of default. (Rec. Doc. 40, p. 34). Defendants filed the instant Motion to Set Aside Default on September 27, 2019. (Rec. Doc. 24).

Mr. Butaud testified that he and the Superior CFO worked with the Puerto Rico Department of Labor ("DOL") over several months to resolve Plaintiffs' FLSA complaints. (Rec. Doc. 40, p. 10-11. See also Rec. Doc. 24-1, p. 3). According to the Motion to Set Aside Default, on January 30, 2019, the Superior CFO provided documents to the DOL in response to Plaintiffs' complaints. (Rec. Doc. 24-1, referencing 24-2). Mr. Butaud testified that they received no further response from the DOL and thus believed the matter to have been resolved. (Rec. Doc. 40, p. 11-13).

Defendants contended in the Motion to Set Aside Default that they received no further response from Plaintiffs' counsel after having apparently satisfied the DOL's inquiry. (Rec. Doc. 24-1, p.3). Nevertheless, Mr. Butaud admitted at the hearing to having corresponded with Plaintiff's counsel by email and telephone. (Rec. Doc. 40, p. 14; 16-18). He testified that his understanding was that once the DOL issue was apparently resolved, per his correspondence with a DOL representative in Puerto Rico, he assumed that the lawsuit was likewise resolved. (Rec. Doc. 40, p. 14-19). The Motion to Set Aside Default, filed on behalf of Mr. Butaud, states that he had no knowledge of this suit or default until their counsel discovered the suit while preparing to defend Defendants in an unrelated matter, and that they immediately filed the instant Motion to Set Aside. (Rec. Doc. 28-1, p. 4-5). Mr. Butaud admitted at the hearing to having reviewed and approved the Motion to Set Aside for filing. (Rec. Doc. 40, p. 27-28). He did not recall his previous interactions with Plaintiffs' counsel until seeing the emails attached to Plaintiffs' Opposition. (Rec. Doc. 40, p. 18; 29). Nonetheless, he admitted that he was aware of the lawsuit at the time the Motion to Set Aside was filed, but that he assumed it was resolved, based on his interactions with the DOL. He was not aware of the default. (Rec. Doc. 40, p. 14-15; 34).

## II. Law and Analysis

F.R.C.P. Rule 55 governs default judgments and states that the court may set aside an entry of default for good cause. Rule 55(c). The Fifth Circuit set forth the general standard applicable to setting aside the entry of default as follows:

> [F]ederal courts should not be agnostic with respect to the entry of default judgments, which are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." Thus, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits."
>
> To determine whether good cause to set aside a default exists—a "decision necessarily ... informed by equitable principles"—"we have found it useful to consider three factors ... [:] whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Other factors may also be considered, including whether "the defendant acted expeditiously to correct the default."

*Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000) (Citations omitted.)

Although a motion to set aside a default decree under Fed.R.Civ.P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed.R.Civ.P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect. *United States v. One Parcel of Real Prop.,* 763 F.2d 181, 183 (5th Cir. 1985).

## A. **Willfulness**

Defendants urge the Court to set aside the default, because their default was not willful. Plaintiffs cite *Bossier v. Katsur*, 676 Fed.Appx. 260, 263 (5th Cir.2017) for the proposition that Defendants' awareness of the allegations against them and their decision to nonetheless do nothing "is the definition of willful default, and relief for good cause is unavailable[.]"

Having considered Mr. Butaud's testimony, the Court finds that his failure to respond to the lawsuit was not willful. Although Mr. Butaud admitted that he knew about the lawsuit and that he had in fact corresponded with Plaintiff's counsel prior to the entry of default regarding the suit and his responsibility to answer, the Court finds that Mr. Butaud's explanation is sufficient under the lenient Rule 55(c) standard. Mr. Butaud is not an attorney. He retained counsel in August 2019 (the same month that the default was entered) to handle several other matters related to his disaster recovery operations in Puerto Rico and the U.S. Virgin Islands. Thus, he testified that he assumed his retained counsel was handling all related matters, including the instant case. (Rec. Doc. 40, p. 31-33). Although Mr. Butaud knew about the lawsuit, the Court finds that his failure to respond to the lawsuit was understandable under these circumstances.[1]

---

[1] The Court is not persuaded by Plaintiffs' position that Mr. Butaud intentionally lied, as argued in Plaintiffs' Post-Hearing brief. (Rec. Doc. 41). While the Court acknowledges

## B. <u>Prejudice to Plaintiffs</u>

The Court also agrees with Defendants that setting aside the default will not prejudice Plaintiffs. The Fifth Circuit favors resolution of disputes on the merits. See *Lacy, supra*. "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping [relief] it obtained ... without a trial and by default. All that ... has [been] done is to give the defendants their day in court.'" *Lacy*, 227 F.3d at 293, quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir.1960).

Plaintiffs posit that the delay caused by Defendants' failure to respond to the suit has resulted in lost evidence (specifically the payroll records and employee files). However, Plaintiffs' position is based upon the assumption that Mr. Butaud's failure to provide the requested documents prior to default amounts to a loss of evidence. The Court is not inclined to draw such an attenuated inference. Further, Mr. Butaud testified that his records are stored in Puerto Rico, where he has been unable to access them, though he can personally go there in the future to obtain the records. (Rec. Doc. 40, p. 19-20). Based on the minimal evidence in the record at

---

Mr. Butaud's errors and misunderstandings, if not ignorance, the Court does not appreciate any intentional willfulness in this situation.

this early stage in the proceedings, the Court finds that Plaintiff has not shown significant prejudice by the delay.

## C. <u>Meritorious Defense</u>

Finally, Defendants contend they have a meritorious defense to the suit. In determining whether Defendants have shown the existence of a meritorious defense, the court should consider whether the defendant has made a "clear and specific showing ... by [a] definite recitation of facts" that the defendant has a valid defense." *Jenkens & Gilchrist v. Groia & Co.,* 542 F.3d 114, 122 (5th Cir. 2008), citing *Moldwood Corp. v. Stutts,* 410 F.2d 351, 352 (5th Cir.1969). ("The underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."). *Id*., quoting 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure: Civil 3d § 2697 (1998). See also *id*, citing *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir.1970) (noting that "bald allegation, without supporting facts underlying the defense, will not sustain the burden of the defaulting party under Rule 60(b)"). See also *United States v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316, 319 (5th Cir. 1984) ("[C]onclusory allegations are insufficient to establish that there is a fair probability of success on the merits if the judgment were set aside.")

Defendants state that they "deny the allegations and dispute the claim made against them in the Complaint, as they have both procedural and substantive

7

defenses to assert." (Rec. Doc. 24-1, p. 5). They rely upon documents they provided to the DOL, which consist of payment records. (Rec. Doc. 24-2). These records do not contain any information showing the amount of time Plaintiffs worked each week; however, Mr. Butaud testified that his records are in Puerto Rico storage and that he has been unable to access them. He testified that he will have to personally go to Puerto Rico to obtain the records, but that volumes of records were provided to the DOL over the course of several months. (Rec. Doc. 40, p. 12; 19-20). The Court finds this is sufficient, at this early stage, under the lenient Rule 55(c) standard, to suggest the existence of an arguably meritorious defense.

### III. Conclusion

For these reasons, the Court finds that Defendants have met their burden to prove good cause under F.R.C.P. Rule 55(c) for setting aside the default. Therefore, the Court GRANTS the Motion to Set Aside Default (Rec. Doc. 24).

Signed at Lafayette, Louisiana on this 3rd day of December, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE