UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **WILLIAM VOYLES** | **CASE NO. 6:18-CV-01410** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SUPERIOR STAFFING LLC ET AL** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion to Reinstate Default. (Rec. Doc. 71). Defendants did not file an opposition.

Plaintiffs filed this FLSA suit in October 2018 against Scott Butaud and his companies, Superior Staffing LLC and Superior Disaster Relief, LLC. (Rec. Doc. 1). When Defendants did not respond to the suit, Plaintiffs sought and obtained a default in August 2019, after several attempts to obtain initial information from Mr. Butaud. (Rec. Doc. 20-21. See also discussion in Rec. Doc. 43, p. 1-2). A month later, Defendants, through counsel, filed a motion to set aside default. (Rec. Doc. 24). Following briefing and a hearing, the Court granted Defendants' Motion to Set Aside Default. (Rec. Doc. 43). In the meantime, Defendants' initial counsel, attorneys with the Gordan Arata firm, filed a motion to withdraw on the grounds that Defendants had not complied with their financial obligations. (Rec. Doc. 30). The Court allowed Gordan Arata to withdraw from representation of Mr. Butaud but not of the business entities. (Rec. Doc. 39).

Mr. Butaud then retained S. Joseph Dupuis, Jr., who, after several extensions of time, enrolled in May 2020 and, one and one-half years after Plaintiffs filed suit, filed an answer on Defendants' behalf. (Rec. Doc. 51; 59). A scheduling order was finally issued in May 2020 (Rec. Doc. 61), only to be followed by Mr. Dupuis's motion to withdraw on the grounds that Defendants had not complied with their financial obligations or worked with counsel. (Rec. Doc. 66; 69). According to Mr. Dupuis, he has been unable to make any contact with Mr. Butaud and has thus been unable to provide discovery materials to Plaintiffs. (Rec. Doc. 69). Notably, the Clerk of Court has sent numerous documents to Defendants which have been returned as undeliverable/unable to forward. (See e.g. Rec. Doc. 44-48).

As before, the Court allowed Mr. Dupuis to withdraw from representing Mr. Butaud, but not for the entities. (Rec. Doc. 69; 70). The Court further ordered that forthcoming orders be served on Mr. Butaud through his email address and via regular mail. (Rec. Doc. 70).

Plaintiffs now seek to reinstate the default previously entered against Defendants. F.R.C.P. Rule 37(b)(2) authorizes the court to issue a number of sanctions upon parties who fail to comply with discovery orders, including rendering a default judgment. F.R.C.P. Rule 37(b)(2)(A)(vi). Similarly, F.R.C.P. Rule 16(f) authorizes the court to sanction a party who fails to participate in a court-ordered conference or fails to obey a scheduling or other pretrial order. F.R.C.P. Rule

2

16(f)(1). "Entry of a default judgment is an appropriate sanction when the disobedient party has failed to comply with a court order because of willfulness, bad faith, or other fault on its part, as opposed to its inability to comply with the court's order." *Tech. Chem. Co. v. IG-LO Prod. Corp.,* 812 F.2d 222, 224 (5th Cir. 1987).

Mr. Butaud has failed to cooperate with his counsel and to participate in the discovery process. He failed to obey this Court's order to appear for a telephone hearing on Mr. Dupuis's motion to withdraw. (Rec. Doc. 67; 69). This lawsuit has now been pending for two years without any meaningful participation by Defendants, despite this Court's orders. Sanctions in the form of reinstatement of the default are therefore warranted. Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Reinstate Default (Rec. Doc. 71) is GRANTED. The Clerk of Court is hereby instructed to enter default against Defendants.

THUS DONE in Chambers, Lafayette, Louisiana on this 20th day of November, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE