**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**WILLIAM VOYLES**                                   **CASE NO. 6:18-CV-01410**

**VERSUS**                                           **JUDGE ROBERT R. SUMMERHAYS**

**SUPERIOR STAFFING, LLC, ET AL.**        **MAGISTRATE JUDGE DAVID J. AYO**

---

**MEMORANDUM IN SUPPORT OF MOTION FOR**
**RECONSIDERATION AND CONTINUANCE OF TRIAL DATE**

**MAY IT PLEASE THE COURT:**

Defendants, Superior Staffing, LLC, Superior Disaster Relief, LLC, and Scott Butaud ("Defendants"), respectfully submit this memorandum in support of accompanying Motion for Reconsideration. Plaintiffs filed a Motion for Default Judgment ("Motion"), which was granted on the basis of intentional delay and actual prejudice to Plaintiffs, as observed by the Court. Movants respectfully represent that this Court's ruling on the Motion, awarded an inappropriately severe sanction, which should be reconsidered.

Fed. R. Civ. Pro. 59 authorizes the court to reconsider a previous ruling and amend its findings of fact and conclusions of law or make new ones and direct the entry of a new judgment. Fed. R. Civ. Pro. 60 authorizes the Court to provide relief to a party from such a judgment. The Fifth Circuit has interpreted Federal Rule of Civil Procedure 59 and 60 to mean reconsideration is appropriate where a ruling was unfair and prejudicial. *See, Seidman v. Am. Airlines, Inc*., 923 F.2d 1134, 1140 (5th Cir. 1991).

Defendants respectfully submit that this Court's Ruling should be reconsidered because they cause manifest injustice, improperly assign liability, and assessed improper damages against Defendants. These Rulings result in a draconian sanction by assessing damage where no harm

1

occurred, and foreclosing Defendants' opportunity to a "day in court." *Winzer v. Kaufman County*, 916 F.3d 464 (2019); *See, Dartez v. Fibreboard Corp.,* 765 F.2d 456 (1985)); Fed.R.Civ.P. 61.

## I.      This Court's Ruling Should be Reconsidered.

The Fifth Circuit has reversed rulings like those made by this Court. See, *Sturges v. Moore,* 73 Fed. App'x 777, 778 (5th Cir. 2003).  In *Sturges v. Moore,* 73 Fed. App'x 777, 778 (5th Cir. 2003), the Fifth Circuit analyzed the factors for deciding a Rule 59(e), including one regarding a default judgment. These include, (1) the reasons for the default, (2) the importance of the evidence, (3) whether the evidence was previously available, and (4) the likelihood that unfair prejudice if the case is reopened. See, *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994) (citing *Lavespere*, 910 F.2d at 174). Considering the circumstances in this case, these factors suggest that the Court's Rulings should be reconsidered. Under the *Sturges* factors, the Fifth Circuit held that none of the factors justified denial of a motion for reconsideration and the ruling denying reconsideration was vacated and remanded.

Under the first and third factor, the default here was not willful, setting aside the default would not prejudice the plaintiff, and Defendants have a meritorious defense.  Long before this suit had been filed, Mr. Butaud had been contacted by the Puerto Rico Department of Labor (DOL) about this matter. Butaud and the Chief Financial Officer of Superior Disaster Relief were in discussions with the DOL about that complaint – without the assistance of counsel – and Mr. Butaud reasonably thought the service documents he received pertained to it.  Mr. Butaud and the CFO continued to discuss the issues raised by the DOL and in the Complaint with the DOL and to supply them documents demonstrating compliance with the applicable statutes and regulations. Mr. Butaud reasonably believed the matter was resolved; he did not realize a civil suit could be filed separate from the DOL complaint and could proceed even if the DOL was satisfied.

Under the second and fourth factor, reconsideration and setting aside the default does not prejudice the plaintiff. The Fifth Circuit has held that, "mere delay does not alone constitute prejudice." Lacy, 227 F. 3d at 293. Setting aside default would simply require the plaintiff to prove their case, which does not amount to prejudice, but merely due process for all parties. *Sea Horse Marine Inc. v. Black Elk Energy Offshore Operations, L.L.C.*, 2015 WL 4079831, *4 (E.D. La. July 6, 2015) ("Discovery has not yet commenced, and no trial date or deadlines have been set.  The only harm that Sea Horse may suffer is that it will be required to prove its case, and such harm does not constitute prejudice.") (citing *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).  The evidence of Plaintiffs claims is of the utmost importance, because the sufficiency of such evidence and whether it satisfies the burden of proof is the ultimate question.  The only harm to the plaintiff would be delay, and that the plaintiff would have to prove his case, both of which the Fifth Circuit has held do constitute prejudice absent other factors.

The Fifth Circuit jurisprudence supports Plaintiffs' request for reconsideration of the sanctions imposed as too severe. All four factors considered by the Fifth Circuit weigh in favor of granting Plaintiffs' Amended Motion for Reconsideration and Continuance of Trial Date.

### II.    The Court's Ruling affects Defendants' substantial rights.

The Rulings affected the substantial rights of Defendants. "A ruling has affected the substantial rights of the party if . . . the ruling had a substantial effect on the outcome." *Waterman v. McKinney Indep. Sch. Dist.*, 642 F. App'x 363, 368 (5th Cir. 2016).  Reconsideration is warranted because granting of a default judgment and awarding damages, expenses, and fees, when the Defendants have participated in the litigation and provided contradictory evidence

3

significantly affects the outcome of the case; there is no alternative conclusion. *Dragoo v. Allstate Vehicle and Property Insurance Company*, 2019 WL 13075591.  Here, the Court's granting of default resulted in an incorrect sweeping judgment in favor of Plaintiffs.

Prevention of manifest injustice should be the paramount factor for reconsideration under Fed. R. Civ. P. 59(e); *See, e.g., Brown v. Mississippi Co-op Extension Serv.*, 89 Fed. Appx. 437, 439 (5th Cir. 2004); *Farquhar v. Steen*, 611 Fed. Appx. 796, 800 (5th Cir. 2015); *Active Zones of Am., LLC v. SDV (USA) Inc.*, CIV.A. 05-1584, 2007 WL 2480360 (W.D. La. Aug. 23, 2007). This Court's finding in favor of all of Plaintiffs' claims upon default when there has been participation and is known contradictory evidence is manifestly unjust.

## CONCLUSION

For the reasons set forth above, Defendants respectfully urge this Court, pursuant to Federal Rules of Civil Procedure 59 and 60, to reconsider its Ruling, specifically to reconsider the ruling to granted default judgment and awarding damages, fees, and expenses to Plaintiffs.  Defendants respectfully request that the Court reconsider its ruling granting Default Judgment, ruling on awards, and instead, deny default judgment and permit this matter to proceed to a trial on the merits.

Respectfully submitted,

/s/ Lauren Ashley Noel
LAUREN ASHLEY NOEL (#37243)
**Lauren & Co., Attorneys at Law**
Post Office Box 1362
Lafayette, LA   70583
Phone:   (337) 385-0543
Email:   lauren@laurenandco.net
**ATTORNEYS FOR DEFENDANTS**

4

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF system which sent a notice of electronic filing to counsel as indicated by the Court.

Lafayette, Louisiana, this 24th day of October 2023.

_____/s/ Lauren Ashley Noel_____
LAUREN ASHLEY NOEL